## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: <u>0:14cv60156</u>

MONKEY ROCK GROUP, INC., JOHN A.
DENT AND MATTHEW DENT,

                     Plaintiffs,

     v.

TBG HOLDINGS CORP., CONTINENTAL
RAIL CORPORATION, WAYNE AUGUST,
LAURENCE COE, JOHN H. MARINO, JR.,
JOHN H. MARINO, SR., TIMOTHY S. HART,
NED L. SIEGEL, and NEIL SWARTZ,

                     Defendants.
_____/

## <u>COMPLAINT</u>

      Plaintiffs, Monkey Rock Group, Inc., John A. Dent and Matthew Dent[1], by and through their undersigned attorneys, complain against Defendants, TBG Holdings Corp., Continental Rail Corporation, Wayne August, Laurence Coe, John H. Marino, Jr., John H. Marino, Sr., Timothy S. Hart, Ned L. Siegel, and Neil Swartz, as follows:

---

[1] For brevity, Plaintiffs, John A. Dent and Matthew Dent, will be sometimes referred to by last name and first initial.  Plaintiff, Monkey Rock Group, Inc., will sometimes be referred to as "Monkey Rock".  J. Dent, M. Dent and Monkey Rock will sometimes be referred to collectively as "Plaintiffs".  The individual Defendants will sometimes be referred to by last name only.  However, for clarity, Defendants, John H. Marino, Jr. and John H. Marino, Sr., will sometimes be referred to as Marino Jr. and Marino Sr., respectively.  Defendant, TBG Holdings Corp., will sometimes be referred to as "TBG".  Defendant, Continental Rail Corporation, will sometimes be referred to as "CRC".   The Defendants will sometimes collectively be referred to as "Defendants".

## JURISDICTION AND VENUE

1.      This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. Section 1332 in that Plaintiffs are both citizens of Great Britain and Defendants are each citizens of the United States and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2.      Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(2)-(3) in that a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in this District and Defendants are subject to personal jurisdiction within this District.

## PARTIES

3.      Plaintiff, Monkey Rock Group, Inc., is a publicly-held corporation that is organized and existing under the laws of the State of Delaware with a place of business, at relevant times, located at 2929 East Commercial Blvd., Ft. Lauderdale, Florida 33308.  Monkey Rock's common stock was, and is, registered under Section 12(g) of the Securities and Exchange Act of 1934 and is quoted on the over-the-counter pink sheet inter-dealer quotation system. Monkey Rock is a shell corporation under the Securities Act of 1934.

4.      Plaintiff, John A. Dent, is an individual who resides in, and is a citizen of, the United Kingdom.

5.      Plaintiff, Matthew Dent, is an individual who resides in, and is a citizen of, the United Kingdom.

6.      Defendant, TBG, is a financial and business advisory consulting firm that works with public and private companies.  TBG is organized and existing under the laws of the State of Florida whose principal place of business is located at 2929 East Commercial Blvd., Ft. Lauderdale, Florida 33308.

2

7.      Defendant, CRC, is a holding company that is used to acquire and operate short-line and regional railroads.  CRC is organized and existing under the laws of the State of Florida whose principal place of business is located at 2929 East Commercial Blvd., Ft. Lauderdale, Florida 33308.

8.      Defendant, Neil Swartz, is the Chief Executive Officer of TBG and the Chief Executive Officer of Monkey Rock,  and is a citizen of the State of Florida.

9.      Defendant, Timothy Hart, is the Chief Financial Officer of TBG and Monkey Rock, and is a citizen of the State of Florida.

10.      Defendant, Laurence Coe, is a member of the Advisory Board of TBG and is Chief Executive Officer of Coe Rail Inc. & Train Travel Inc.  Coe is a citizen of the State of Florida.

11.      Defendant, John H. Marino, Jr., is the Chief Executive Officer of CRC, and is a citizen of the State of Florida.

12.      Defendant, John H. Marino, Sr., is the Vice-Chairman of CRC, and is a citizen of the State of Florida.

13.      Defendant, Ned L. Siegel, is a Member of CRC's Board of Directors, and, upon information and belief, is a citizen of the State of Florida.

14.      Defendant, Wayne August, was the Chairman of Monkey Rock and currently is the Chairman of CRC's Board of Directors and, upon information and belief, is a citizen of the State of Florida.

## FACTS COMMON TO ALL CLAIMS

**I.    INITIAL STRUCTURE AND OPERATIONS OF MONKEY ROCK GROUP, INC.**

15.    On or about January 6, 2010, J. Dent and Monkey Rock executed a convertible promissory note ("the January 6 Note,"), under which J. Dent loaned to Monkey Rock $709,000. Under the provisions of the Note, J. Dent had the right to convert the outstanding debt into shares of Class B Preferred Stock. J. Dent and M. Dent are not currently able to locate a copy of the January 6 Note.

16.    As of January 1, 2012, 90,000,000 shares of Monkey Rock common stock had been issued and were outstanding.

17.    As of January 1, 2012, Monkey Rock was a shell corporation without any on-going business operations.

18.    As of January 1, 2012, Plaintiff, J. Dent, owned 29,066,765 shares of Monkey Rock's common stock; and, Plaintiff, M. Dent, owned 16,419,750 shares of Monkey Rock's common stock.  Plaintiffs' combined holdings of Monkey Rock common stock represented 50.54% of Monkey Rock's common stock.

19.    As of January 1, 2012, J. Dent was President, Chief Executive Officer and a Member of Monkey Rock's Board of Directors.

**II.    CONTRACTS BETWEEN MONKEY ROCK AND TBG**

**A.    December 1, 2012 Agreement**

20.    On or about June 9, 2012, Plaintiffs contacted TBG, among other things, to provide certain administrative services to Monkey Rock.

21.    Subsequent to the initial contact, but prior to December 1, 2012, TBG loaned Monkey Rock $45,000.

22.     Discussions between TBG and Plaintiffs resulted in an agreement dated December 1, 2012 (the "December 1 Agreement", **Exhibit "A"** hereto) between Monkey Rock and TBG.

23.     Under the provision of the December 1 Agreement, TBG was to provide certain administrative services to Monkey Rock, including:  managing and directing public and investor relations; providing recruiting services; developing and maintaining materials for market makers and other investors; providing general administrative services; and responding to incoming investor calls.

24.     In addition, TBG was to provide certain business advisory services, including: assisting with the preparation of required SEC filings; repackage Monkey Rock corporate materials to re-position Monkey Rock as a railroad company seeking acquisitions; assist Monkey Rock in identifying and evaluating potential merger and acquisition candidates; assist Monkey Rock on becoming current on the over-the-counter markets; initiate an investor relations campaign; assisting in the preparation of private offering documents; and introducing Monkey Rock to prospective investors.

25.     As part of the December 1 Agreement, TBG also agreed to forgive its $45,000 loan to Monkey Rock.

26.     In consideration for the administrative services and the forgiveness of indebtedness, TBG was to be issued 200,000,000 shares of common stock in Monkey Rock.

27.     In consideration for the business advisory services, TBG was to receive $25,000 for the first month and $10,000 for each subsequent month during  the term of the Business Advisory Engagement as defined in Paragraph 6 of the December 1 Agreement.

**B.      The December 12, 2012 Term Sheet**

28.      Subsequent negotiations between Monkey Rock and TBG resulted in a Term Sheet dated December 12, 2012 (the "December 12 Term Sheet", **Exhibit "B"** hereto).

29.      Under the provisions of the December 12 Term Sheet, TBG was to acquire 51% of the common voting stock of Monkey Rock, and J. Dent's ownership was to be reduced to a percentage just under 10% of the voting common stock.

30.      TBG's acquisition of a 51% share of common voting stock and J. Dent's reduction in percentage ownership of common voting stock was to be accomplished in the following manner:  (a) TBG was to be issued 200,000,000 shares of Monkey Rock Preferred Stock; (b) the then-outstanding shares of common stock would be subject to a reverse split, estimated at 50 to 1; (c) as of December 12, 2012, J. Dent owned 29,066,765 shares of Monkey Rock's common stock; (d) after the 50 to 1 reverse split, J. Dent would only own 581,335.3 shares of common stock (i.e., 29,066,765/50); (e) after the reverse split occurred, TBG's 200,000,000 shares of preferred stock would be converted into common stock on a 1 to 1 basis; (f) Monkey Rock would issue additional common stock after the reverse split; and (g) the post-split shares would be freely tradable after 90 days.

31.      Subsequently, Monkey Rock did, in fact, issue to TBG preferred stock that converted into 51% of the common voting stock of Monkey Rock and reduced J. Dent's ownership to less than 10% of the voting common stock.

32.      The December 12 Term Sheet further provided that, for a payment of $100,000, TBG or its designate was to acquire 50% of the debt that Monkey Rock owed to J. Dent.

33.      To date, only a portion of the $100,000 has been paid.

34.     In addition, the December 12 Term Sheet stated that, after TBG took control of Monkey Rock, a 50 to 1 reverse split of common stock would occur, and J. Dent's then-existing debt would be converted to common stock of Monkey Rock.

35.     Upon execution of the December 12 Term Sheet, TBG was to install a new Board of Directors and officers of Monkey Rock.

36.     J. Dent executed the December 12 Term Sheet on behalf of Monkey Rock on or about December 12, 2012.

37.     Swartz executed the December 12 Term Sheet on behalf of TBG on or about December 20, 2012.

38.     Pursuant to the provisions of the December 12 Term Sheet, effective January 1, 2013, J. Dent resigned as Chief Executive Officer of Monkey Rock, and TBG installed a new management team.

## III.    EVENTS OCCURRING AFTER EXECUTION OF THE DECEMBER 1 AGREEMENT AND THE DECEMBER 12 TERM SHEET

39.     On February 15, 2013, TBG issued a press release stating that it had acquired Monkey Rock and was in the process of re-positioning the company to compete in the railroad industry.  In the same press release, TBG announced that it had installed August, a 22-year veteran of the railroad industry, as Monkey Rock's new President; Hart as the new Chief Financial Officer: and, Coe as the new Chairman of the Board of Directors.

40.     On February 27, 2013, TBG issue a press release announcing, among other things, that Monkey Rock would be renamed Continental Rail Corp.

41.     On April 11, 2013, CRC and TBG issued a press release stating that Defendant, Siegel, former United States ambassador to the Bahamas, had joined CRC's Board of Directors.

42.     While the Term Sheet estimated that the reverse split would be 50 to 1, in approximately May 2013, TBG indicated that it was contemplating a reverse split ratio of 75 to 1.

43.     The effect of increasing the reverse split ratio from 50:1 to 75:1 would be to reduce J. Dent's ownership of common stock after the reverse split from 581,335.3 (*i.e.*, 29,066,765/50) to 387,556.8667 (*i.e.*, 29,066,765/75).  However, TBG would still be able to convert its 200,000,000 shares of preferred stock into common stock after the split, thereby further diluting J. Dent's percentage ownership of Monkey Rock's common stock.

44.     In approximately late May or early June 2013, TBG indicated its intent to implement a reverse split with a 200:1 ratio.

45.     On behalf of TRG, negotiations regarding the reverse stock split ratio were conducted by Hammon Fytton ("Fytton"), TBG's Vice-President of Business Development.

46.     Under a 200:1 split, J. Dent's ownership of common stock would be reduced to 145,334 shares (*i.e.*, 29,066,765/200), which would represent less than 1% of the common voting stock.

47.     The effect of TBG's proposed change in the reverse stock split from 50:1 to 200:1 was to decrease the percent of Plaintiffs' share of CRC's earnings by approximately 75% and to increase TBG's share of CRC's earnings.

48.     Beginning on June 1, 2013, and continuing thereafter in a series of emails, Plaintiffs informed TBG and its officers that implementation of a reverse split of 200:1 and the resulting dilution of Plaintiffs' ownership of common voting stock to under 1% constituted a breach of the Term Sheet.

49.     After Plaintiffs refused to accept the 200:1 reverse stock split ratio, Fytton informed Plaintiffs that he had been instructed to withhold any further payment on TBG's purchase of the $100,000 of debt described in the December 12 Term Sheet unless and until Plaintiffs had agreed to the 200:1 ratio.

50.     On or about June 25, 2013, J. Dent opted to exercise his option under the January 6 Note to convert the debt outstanding on the Note to shares of Class B Preferred Stock.  Under the Conversion Agreement (**Exhibit "C"** hereto), the debt converted to 4,200,000 shares of Class B Preferred Stock, distributed as follows:  1,400,000 to J. Dent; 700,000 shares to Elite Care Facilities, LLC, a facility owned by J. Dent; and 2,100,000 shares to TBG.

51.     After Plaintiffs made clear to TBG that they would not agree to the proposed 200:1 reverse stock split, on or about July 31, 2013, TBG announced that, instead of continuing to re-position and operate Monkey Rock to acquire short-line and spur railroads, as had been previously announced, TBG was now re-positioning a different shell corporation, IGSM Group, Inc. ("IGSM"), to conduct the very same operations.

52.     On information and belief, IGSM was wholly-owned by TBG.

53.     Thereafter, TBG transferred all of the officers and operational personnel that it had retained on behalf of Monkey Rock to IGSM and began conducting business under the name Continental Rail Corp., the same name that had previously been assigned to Monkey Rock.

54.     On August 14, 2013, it was announced that IGSM would conduct operations under the name Continental Rail Corp. and had been assigned the stock symbol CRCX.

55.     Prior to its name change, IGSM was a corporation incorporated under the laws of the State of Florida.  Fytton was an officer and director of IGSM.

56.     On information and belief, IGSM was a shell corporation owned by TBG.

57.     On information and belief, since transferring all of Monkey Rock's management and operational personnel to IGSM, TBG has continued to operate IGSM, now CRC, to conduct the same operations that it had previously promised to conduct, and had begun to conduct, through Monkey Rock.

58.     Since announcing that IGSM would conduct railroad operations as CRC, the value of CRC stock has doubled from $1 per share to its current value of $2, and has traded at a high of over $6 per share.

59.     A demand to the board of directors of TBG by the Plaintiffs, requesting that the board seek redress for the harms described herein, would be futile and irreparable injury to the company would result if Plaintiffs do not act immediately and directly.

## COUNT I
## BREACH OF THE DECEMBER 1 AGREEMENT
## (AGAINST TBG)

60.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 59 as though fully set forth herein.

61.     Under the provisions of the December 1 Agreement, TBG was obligated to re-position Monkey Rock as a "railroad company seeking an acquisition".

62.     TBG has breached the December 1 Agreement by: transferring all railroad managerial and operational personnel from Monkey Rock to IGSM; transferring the tradename of Continental Rail Corp. from Monkey Rock to IGSM; and conducting railroad acquisition operations through its IGSM subsidiary, rather than through Monkey Rock.

63.     Based upon doubling of the value of CRC's stock after receiving Monkey Rock's personnel and tradename and after conducting the railroad operations that Monkey Rock was

positioned to conduct, Monkey Rock has been damaged by an amount well in excess of $75,000, exclusive of interests and costs.

WHEREFORE, for the foregoing breach of the December 1 Agreement, Plaintiffs ask the Court to award all compensatory damages, costs, and such other relief as the Court deems just and reasonable.

## COUNT II
## BREACH OF THE DECEMBER 12 TERM SHEET
### (Against TBG)

64.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 59 as though fully set forth herein.

65.     Under the provisions of the December 12 Term Sheet, after TBG obtained control over Monkey Rock, it was to institute a reverse stock split, estimated to be  50 to 1.

66.     Under the provisions of December 12 Term Sheet, J. Dent was to maintain an ownership of approximately 9.9% of Monkey Rock's common voting stock.

67.     TBG's imposition of a 200:1 reverse stock split, resulting in a reduction of J. Dent's ownership of Monkey Rock's common voting stock to under 1%, constitutes a breach of the December 12 Term Sheet.

68.     Based upon the doubling of the value of CRC's stock after receiving Monkey Rock's personnel and tradename and after conducting the railroad operations that Monkey Rock was positioned to conduct, Monkey Rock has been damaged by an amount well in excess of $75,000, exclusive of interest and costs.

WHEREFORE, for the foregoing breach of their fiduciary duties, Plaintiffs ask the Court to award all compensatory damages, costs, and such other relief as the Court deems just and reasonable.

11

<u>**COUNT III**</u>
<u>**BREACH OF FIDUCIARY DUTY**</u>
<u>**(Against all Defendants)**</u>

69.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 59 as though fully set forth herein.

70.    Under the December 12 Term Sheet, TBG is the majority shareholder of Monkey Rock.

71.    As a majority shareholder, TBG owes a fiduciary duty to Monkey Rock and to the minority shareholders of Monkey Rock.

72.    As officers and/or Directors of Monkey Rock, Defendants August, Coe, Hart, Marino Jr., Marino Sr., Siegel and Swartz owe a fiduciary duty to Monkey Rock and to the minority shareholders of Monkey Rock.

73.    Under the provisions of the December 1 Agreement, TBG was obligated to position and operate Monkey Rock as a railroad acquisition company.

74.    Pursuant to its obligations, on Monkey Rock's behalf, Defendants retained personnel with expertise in the railroad industry, issued press releases announcing Monkey Rock's railroad operations and announcing Monkey Rock's name-change to Continental Rail Corp.

75.    Upon learning that J. Dent and M. Dent would not agree to a 200 to 1 reverse stock split and the concomitant reduction in their ownership of Monkey Rock's common voting stock to below 1%, Defendants transferred the assets, railroad operations, personnel and tradename from Monkey Rock to TBG's own shell company IGSM.

76.     Defendants' transfer of Monkey Rock's railroad operations, personnel and tradename to TBG's own shell constitutes a usurpation of corporate opportunity and a breach of their fiduciary duties to Monkey Rock and Money Rock's minority shareholders.

77.     Based upon the doubling of the value of CRC's stock after receiving Monkey Rock's personnel and tradename and after conducting the railroad operations that Monkey Rock was positioned to conduct, Monkey Rock has been damaged by an amount well in excess of $75,000, exclusive of interest and costs.

WHEREFORE, for the foregoing breach of the Conversion Agreement, J. Dent asks the Court to award all compensatory damages, punitive damages, costs, and such other relief as the Court deems just and reasonable.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### (Against All Defendants)

78.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 59 as though fully set forth herein.

79.     At the time that Defendants transferred or caused to be transferred the assets, railroad personnel and tradename of Monkey Rock to IGSM, TBG had a contractual obligation to position and operate Monkey Rock as a railroad acquisition company.

80.     On information and belief, each of the Defendants was aware of TBG's contractual obligation to position and operate Monkey Rock as a railroad acquisition company.

81.     The transfer of Monkey Rock's assets, railroad personnel and tradename to IGSM was done with the intent of interfering with TBG's contractual obligation to position and operate Monkey Rock as a railroad acquisition company.

82.     As a result of Defendants' intentional interference with TBG's contractual obligation to Monkey Rock, Plaintiffs have suffered damages.

83.     Based upon the doubling of the value of CRC's stock after receiving Monkey Rock's personnel and tradename and after conducting the railroad operations that Monkey Rock was positioned to conduct, Monkey Rock has been damaged by an amount well in excess of $75,000, exclusive of interest and costs.

WHEREFORE, for the foregoing tortious interference with business relations, Plaintiffs asks the Court to award all compensatory damages, punitive damages, costs, and such other relief as the Court deems just and reasonable.

## COUNT V
## FRAUDULENT TRANSFER OF ASSETS
### (Against All Defendants)

84.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 59 as though fully set forth herein.

85.     J. Dent is a creditor of Monkey Rock.

86.     J. Dent and M. Dent are both equity holders in Monkey Rock.

87.     By virtue of their status as equity holders and J. Dent's status as a creditor, both J. Dent and M. Dent have claims and/or ownership rights in the assets of Monkey Rock.

88.     Defendants' transfer of Monkey Rock's assets, railroad personnel and tradename to IGSM stripped Monkey Rock of substantially all of its assets and its operating income without regard to the rights of J. Dent, M. Dent or any of the shareholders of Monkey Rock.

89.     Defendants' transfer of Monkey Rock's assets, railroad personnel and tradename violated the Uniform Transfer Act as enacted in Florida because, among other things, (1) Monkey Rock's assets, railroad personnel and tradename were distributed to a company in which

Defendants, who are insiders, maintained control and ownership; (2) Defendants' transfer of Monkey Rock's assets, railroad personnel and tradename were made for no consideration; (3) the above-referenced transfer consisted of substantially all of Monkey Rock's assets; (4) the above-referenced transfer was hidden by Defendants from Monkey Rock's other shareholders and creditors; and (5) J. Dent's and M. Dent's claims on the assets of Monkey Rock pre-dated Defendants' transfer of Monkey Rock's assets, railroad personnel and tradename to IGSM.

90.     Defendants did not act in good faith in transferring and/or accepting Monkey Rock's assets, railroad personnel and tradename, that left Monkey Rock without assets or business operations.

91.     Defendants had reasonable cause to believe that the transfer of Monkey Rock's assets, railroad personnel and tradename would leave Monkey Rock without assets or an ability to continue operations.

92.     Upon information and belief, Defendants' transfer of Monkey Rock's assets, railroad personnel and tradename was performed for the purpose of preventing Monkey Rock's shareholders and creditors from receiving any of the income from the railroad operations currently being conducted by CRC.

93.     As a result of Defendants' actions, Defendants are indebted to Plaintiffs for any earnings received by CRC from its operations.

WHEREFORE, for the foregoing fraudulent transfer of assets, Plaintiff ask that this Court impose a constructive trust on any earnings received by CRC and on any of CRC's assets; and award Plaintiffs compensatory damages equal to the diminution in the value of the stock of Monkey Rock, award punitive damages, interest and costs and such other relief as the Court deems just and reasonable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial as to all issues so triable.

Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
213 E. Sheridan Street, Suite 3
Dania Beach, Florida 33004
Telephone: (954) 929-1899
Facsimile:  (954) 922-6662

By: <u>/s/. Eric N. Assouline</u>
Eric N. Assouline (FBN 106143)
ena@assoulineberlowe.com
Greg M. Popowitz (FBN 70313)
gmp@assoulineberlowe.com

*Attorneys for Plaintiffs*

Dated:  January 21, 2014

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| MONKEY ROCK GROUP, INC., JOHN A. DENT AND MATTHEW DENT | TBG HOLDINGS CORP., CONTINENTAL RAIL CORPORATION, WAYNE AUGUST, LAURENCE COE, JOHN H. MARINO, JR., JOHN H. MARINO, SR., TIMOTHY S. HART, NED L. SIEGEL, and NEIL SW |

**(b)**   County of Residence of First Listed Plaintiff   State of Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   State of Florida
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
ASSOULINE & BERLOWE, P.A.
213 E. Sheridan Street, Suite 3
Dania Beach, Florida 33004

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 2  U.S. Government
  Defendant
- ☐ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☒ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Breach of Contract, Breach of Fiduciary Duty

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                    DOCKET NUMBER

DATE
01/21/2014

SIGNATURE OF ATTORNEY OF RECORD
/Eric N. Assouline/

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| MONKEY ROCK GROUP, INC., JOHN A. DENT<br>AND MATTHEW DENT,<br><br>*Plaintiff(s)*<br>v.<br>TBG HOLDINGS CORP., CONTINENTAL RAIL<br>CORPORATION, WAYNE AUGUST, LAURENCE<br>COE, JOHN H. MARINO, JR., JOHN H. MARINO,<br>SR., TIMOTHY S. HART, NED L. SIEGEL, and NEIL<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.  0:14cv60156 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  TBG HOLDINGS CORP.
2929 East Commercial Blvd.
Ft. Lauderdale, Florida 33308

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| MONKEY ROCK GROUP, INC., JOHN A. DENT AND MATTHEW DENT, | ) ) ) ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 0:14cv60156 |
| TBG HOLDINGS CORP., CONTINENTAL RAIL CORPORATION, WAYNE AUGUST, LAURENCE COE, JOHN H. MARINO, JR., JOHN H. MARINO, SR., TIMOTHY S. HART, NED L. SIEGEL, and NEIL | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CONTINENTAL RAIL CORPORATION
2929 East Commercial Blvd.
Ft. Lauderdale, Florida 33308

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| MONKEY ROCK GROUP, INC., JOHN A. DENT AND MATTHEW DENT, _____ *Plaintiff(s)* v. TBG HOLDINGS CORP., CONTINENTAL RAIL CORPORATION, WAYNE AUGUST, LAURENCE COE, JOHN H. MARINO, JR., JOHN H. MARINO, SR., TIMOTHY S. HART, NED L. SIEGEL, and NEIL _____ *Defendant(s)* | )  )  )  )  )  )  )  )  )  )  )  )  Civil Action No.  0:14cv60156 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Wayne August
2929 East Commercial Blvd.
Ft. Lauderdale, Florida 33308

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| MONKEY ROCK GROUP, INC., JOHN A. DENT AND MATTHEW DENT, <br><br> _Plaintiff(s)_ <br><br> v. <br><br> TBG HOLDINGS CORP., CONTINENTAL RAIL CORPORATION, WAYNE AUGUST, LAURENCE COE, JOHN H. MARINO, JR., JOHN H. MARINO, SR., TIMOTHY S. HART, NED L. SIEGEL, and NEIL <br> _Defendant(s)_ | ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.  0:14cv60156

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Laurence Coe
848 NE ORCHID BAY DR
BOCA RATON, FL 33487-1737

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| MONKEY ROCK GROUP, INC., JOHN A. DENT AND MATTHEW DENT, | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 0:14cv60156 |
| TBG HOLDINGS CORP., CONTINENTAL RAIL CORPORATION, WAYNE AUGUST, LAURENCE COE, JOHN H. MARINO, JR., JOHN H. MARINO, SR., TIMOTHY S. HART, NED L. SIEGEL, and NEIL | ) ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   MARINO, JOHN HARRISON JR
155 S OCEAN BLVD APT 110
BOCA RATON, FL 33432-5102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| MONKEY ROCK GROUP, INC., JOHN A. DENT AND MATTHEW DENT, | ) ) ) ) |
| _Plaintiff(s)_ | ) |
| v. | ) ) Civil Action No. 0:14cv60156 |
| TBG HOLDINGS CORP., CONTINENTAL RAIL CORPORATION, WAYNE AUGUST, LAURENCE COE, JOHN H. MARINO, JR., JOHN H. MARINO, SR., TIMOTHY S. HART, NED L. SIEGEL, and NEIL | ) ) ) ) ) ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   MARINO, JOHN HARRISON SR
19 ARBOR CLUB DR UNIT 317
PONTE VEDRA BEACH, FL 32082-2619

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                    _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

MONKEY ROCK GROUP, INC., JOHN A. DENT
AND MATTHEW DENT,

_____
Plaintiff(s)

v.

TBG HOLDINGS CORP., CONTINENTAL RAIL
CORPORATION, WAYNE AUGUST, LAURENCE
COE, JOHN H. MARINO, JR., JOHN H. MARINO,
SR., TIMOTHY S. HART, NED L. SIEGEL, and NEIL
_____
Defendant(s)

)
)
)
)
)
)
)
)
)
)
)

Civil Action No.  0:14cv60156

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Timothy Hart
2929 East Commercial Blvd.
Ft. Lauderdale, Florida 33308

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| MONKEY ROCK GROUP, INC., JOHN A. DENT AND MATTHEW DENT, <br><br> _____ <br> *Plaintiff(s)* <br> v. <br><br> TBG HOLDINGS CORP., CONTINENTAL RAIL CORPORATION, WAYNE AUGUST, LAURENCE COE, JOHN H. MARINO, JR., JOHN H. MARINO, SR., TIMOTHY S. HART, NED L. SIEGEL, and NEIL <br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.  0:14cv60156 <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Ned L. Siegel
2929 East Commercial Blvd.
Ft. Lauderdale, Florida 33308

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| MONKEY ROCK GROUP, INC., JOHN A. DENT AND MATTHEW DENT, | ) ) ) ) | |
| _Plaintiff(s)_ | ) ) | |
| v. | ) | Civil Action No.  0:14cv60156 |
| TBG HOLDINGS CORP., CONTINENTAL RAIL CORPORATION, WAYNE AUGUST, LAURENCE COE, JOHN H. MARINO, JR., JOHN H. MARINO, SR., TIMOTHY S. HART, NED L. SIEGEL, and NEIL | ) ) ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Neil Swartz
2929 East Commercial Blvd.
Ft. Lauderdale, Florida 33308

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                    _____

_Signature of Clerk or Deputy Clerk_